UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MAINE

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
THOMAS E. PEREZ, Secretary of Labor,     *
United States Department of Labor,        *
                                          *
                Plaintiff,                *
                                          *     CIVIL NO.
        v.                                *
                                          *
ROOF SYSTEMS OF MAINE                     *
                                          *
                Defendant.                *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## COMPLAINT

Plaintiff Thomas Perez, Secretary of Labor, U.S. Department of Labor, brings this action to enjoin defendant from violating the provisions of Sections 7, 11, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, 29 U.S.C. Section 201), hereinafter called "the Act," to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act and by 28 U.S.C. Section 1345.

II.

Defendant Roof Systems of Maine is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 322 Target Industrial Circle, Bangor, Maine 04402, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a roofing company.

III.

Defendant is, and at all times hereinafter mentioned was, engaged in related activities performed through unified operation or common control for a common business purpose, and is, and at all times hereinafter mentioned was, an enterprise within the meaning of Section 3(r) of the Act.

IV.

At all times hereinafter mentioned, Defendant employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.  Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).  Accordingly, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act.

V.

Defendant has willfully and repeatedly violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act by employing employees for workweeks longer than forty (40) hours on a weekly basis without compensating them at rates not less than one and one-half times the regular rate at which they were employed, for employment in excess of forty (40) hours in workweeks. Defendant failed to pay more than fifty (50) non-exempt employees the required rate for overtime. Among the ways the violation occurred was the defendant failed to include travel hours worked in the total of weekly hours when computing the number of hours in excess

of forty (40) per week.  The defendant also failed to pay for travel hours from the employer's business to the worksite in instances when employees performed a principal activity such as loading roofing materials onto a truck for transport to the worksite.

VI.

Defendant has willfully and repeatedly violated and is violating the provisions of Sections 11(c) and 15(a)(5) of the Act in that it failed to make, keep, and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR 516.  Defendant's records fail to show adequately and accurately paid travel hours as hours worked. On occasion, the hours worked by some employees were not listed on the payroll. For example, on August 3, 2013 fourteen (14) employees worked at three separate worksites and their hours were not recorded on employee time sheets or the payroll.

VII.

During the relevant period beginning no later than July 11, 2012, Defendants repeatedly violated and are violating the aforesaid provisions of the Act, as alleged, and a judgment enjoining such violations is expressly authorized by Section 17 of the Act.

WHEREFORE, cause having been shown, plaintiff prays judgment permanently enjoining and restraining defendant, its agents, servants, employees, and those persons in active concert or participation with them, or acting in their interest and behalf, from violating the provisions of Sections 7, 11, 15(a)(2), and 15(a)(5) of the Act, and for such other and further relief as may be necessary or appropriate, including the restraint of any withholding of payment of minimum wage and overtime compensation found by the Court to be due employees under the Act, and the costs of this action.

VIII.

During the relevant period beginning no later than July 11, 2012, Defendants repeatedly violated and are violating the aforesaid provisions of the Act.  An award of actual and liquidated damages is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, plaintiff demands judgment ordering payment of unpaid wages found by the Court to be due to the employees listed on the attached Exhibit A, plus an equal amount as liquidated damages, and the costs of this action.

                                                   M. Patricia Smith
                                                   Solicitor of Labor

Post Office Address:                      Michael D. Felsen
U.S. Department of Labor               Regional Solicitor
Office of the Solicitor
JFK Federal Bldg., Room E-375      /s/ Merle D. Hyman
Boston, MA  02203                       Merle D. Hyman
Hyman.merle@dol.gov                 Wage and Hour Counsel
TEL: 617-565-2500
FAX: 617-565-2142                      U.S. Department of Labor
                                                   Attorneys for Plaintiff

# EXHIBIT A

| FIRST NAME | LAST NAME |
|---|---|
| ROBERT L. | ALLEY |
| EDWARD A. | ASHTON JR. |
| ARDANE | AUSTIN |
| DANIEL J. | BARD |
| RYAN J. | BARNETT |
| NICHOLAS | BENNETT |
| ANDREW | BOUCHER |
| DALE | BRALEY |
| DON | BRALEY SR. |
| LORNE E. | BRIDGES |
| JERRY | BYRD |
| JEREMY S. | CANDAGE |
| WILLIAM, JR. | CHARPENTIER |
| CHRISTOPHER | CHASE |
| CHASTAIN | DAVID |
| CHARLTON C. | CHENEY II |
| TREVOR | COLE |
| MIKE | DAVIS |
| ROBERT | DICKERSON |
| ROLAND | DUPERRY |
| ROGER | FICKETT III |
| BRIAN | GARCEAU |
| THOMAS | GASAWAY |
| EDWARD A. | GERRIER |
| VERNON | GOGUEN |
| JUSTIN | GROVER |
| JOHN | HAVLIN |
| DAVID | HAZELTON |
| CHRISTOPHER | HEBERT |
| JOSEPH | HOSKINS |
| NATHAN | KING |
| SCOTT | KING |
| CODY | KINGSBURY |
| HAYWARD | KINGSBURY |
| JOSEPH | KOBRIN |

5

| | |
|---|---|
| DAVID | LABREE |
| PHILIP J. | LAWSON |
| RALPH | MACDONALD |
| ZACHARY | MACKLIN |
| KRIST | MALLORY |
| RONALD J. | MALLOZZI |
| JEREMY S. | MCCLURE |
| BRIAN | MCLAUGHLIN |
| GEOFFREY | MILLER |
| DARWIN | MORSE JR |
| DANIEL | NEWMAN |
| GARY | POULIN |
| WILLIAM | RIORDAN |
| JOSEPH | SALLS |
| JEROME | SANFORD |
| RALPH | SOCTOMAH |
| OTTIE | SPENCER |
| DANIEL | SULLIVAN |
| JERRY | THOMAS |
| JOHN | TRACY |
| MICHAEL | TRACY |
| STEVEN | URQUHART |
| KIMBALL | WALKER |
| LEE | WALKER |
| CARLYLE | WEEKS |
| MIKE | WEEKS |
| ANDREW | WILL |