UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MAINE

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
THOMAS E. PEREZ, Secretary of Labor,        *
United States Department of Labor,          *
                                            *
                          Plaintiff,        *
                                            *       CIVIL NO. 1:15-cv-513-DBH
             v.                             *
                                            *
ROOF SYSTEMS OF MAINE                       *
                                            *
                          Defendant.        *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

<u>JUDGMENT</u>

Plaintiff Thomas E. Perez, Secretary of Labor, ("the Secretary") has filed a complaint

under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§201, et seq., ("the Act");

and Defendant Roof Systems of Maine has appeared by counsel, received a copy thereof, and

waived service of process.  Defendant, without admitting liability, but to achieve a prompt and

efficient resolution of this dispute, now consents to the entry of this judgment without contest.

Plaintiff also consents to entry of this judgment to fully resolve this matter.

It is therefore ORDERED, ADJUDGED and DECREED that Defendant, its agents,

servants, employees, and all persons acting or claiming to act in its behalf and interest be, and

they hereby are, permanently enjoined and restrained from violating the provisions of the Act in

the following manner:

Defendant shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any

employees who in any workweek are engaged in commerce or in the production of goods for

commerce, or who are employed in an enterprise engaged in commerce or in the production of

goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Defendant shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by it as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR Part 516.

Further, the Court finding as agreed to by Defendant, but without its admitting liability therefor, that employees are due compensation in the amount of $48,603.77 as wages and in the additional amount of $48,603.77 as liquidated damages, as shown on attached "Exhibit A" which is incorporated in and made a part hereof, it is, therefore ORDERED, ADJUDGED and DECREED that the defendant is restrained from withholding payment of said compensation.

Defendant represents that it has been in compliance with the Act since June 8, 2015.  In resolving the amount of back wages and liquidated damages in this judgment, Plaintiff has relied on this representation. Accordingly, the parties agree that any action for back wages which may have accrued between June 8, 2015, and June 7, 2018, shall be unaffected by this judgment and shall be subject to a three year statute of limitations.

The back wage and liquidated damages provisions of this Judgment shall be deemed satisfied by Defendant upon the following:

Defendant shall provide a schedule, in duplicate, showing the name, last known address, social security number, gross amount of wages due, amounts deducted therefrom for social security and withholding taxes, and the net amount of such payment to each employee listed on Exhibit A (attached hereto).  Said schedule shall be forwarded to the U.S. Department of Labor,

Wage and Hour Division, 1155 Elm Street, Suite 501, Manchester, New Hampshire 03101, within fifteen (15) days of the entry of this Judgment.

Defendant shall issue two separate checks payable to each employee listed in Exhibit A, one check in the gross amount of liquidated damages due each employee, and one check in the net amount of back wages due, after deducting the amount of legal deductions and other withholdings required by law.  Said deductions shall be paid by Defendant to the appropriate authorities as required by law.

1.      All checks are to be delivered in person or sent via First Class or certified mail, postage prepaid, to the employees listed on Exhibit A within thirty (30) days of the entry of this Judgment.  These individual checks shall be void if they are not cashed within sixty (60) days of their issuance, and the face of the checks shall reflect this deadline.  Alternatively, checks may be paid through Roof Systems of Maine's direct deposit system within the 30 day time period.

2.      If any individual checks become void, or if checks are returned to Defendant and Defendant is unable to resend them to the employee a more current address within the sixty (60) day period, the amount of all void or returned checks shall be combined into one aggregate net check, made payable to the "U.S. Department of Labor – Wage and Hour Division," and delivered to the U.S. Department of Labor, Wage and Hour Division, at the address listed in subparagraph A, above, within ninety (90) days of entry of this Judgment.  The check containing the sum of the unnegotiated checks shall be accompanied by a letter identifying the case name as *Perez v. Roof Systems of Maine,* and include Defendant's tax identification number and a list of all employees for whom money is deposited with Plaintiff and the amount for each employee.

3.      Further, Defendant shall forward copies of the front and back of the checks, check stubs, and/or a copy of the payroll register and signed copies of the WH-58 Receipt Form, which shall accompany all back wage checks distributed, to the U.S. Department of Labor, Wage and Hour Division, within sixty (60) days of entry of this Judgment.

Plaintiff shall distribute the proceeds of the checks referred to in Paragraph (2), to the employees listed or to their estates, if that be necessary.  Any back wage or liquidated damages checks that cannot be distributed within three years to the employees named in "Exhibit A", or to their estates if that be necessary, because of inability of the parties to locate the proper persons, or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States, pursuant to 28 U.S.C. §2041.

Further, the Court finding, as agreed to by the parties, that on September 17, 2015, the Wage and Hour Administrator by his designee assessed civil money penalties against Defendant pursuant to section 16(e) of the Act and 29 C.F.R. Part 579; that on September 29, 2015, Defendant timely filed exceptions thereto pursuant to section 16(e)(4) of the Act and 29 C.F.R. Part 580 and requested a *de novo* hearing, so that under 29 C.F.R. §580.6 the Administrator's determination of civil money penalties is inoperative unless or until the case is dismissed or an Administrative Law Judge issues a decision affirming the determination; that an administrative proceeding as to civil money penalties under 29 C.F.R. Part 580 remains pending; that the parties have agreed to resolve their differences concerning payment to the Secretary, without admission of liability therefor, by Defendant withdrawing its request for a *de novo* hearing and paying to the Secretary by agreement a reduced compromise amount of Twenty-Three Thousand One Hundred Eighty-Eight Dollars ($23,188), allocated to reimbursement of the costs of the

Secretary consistent with section 16(e)(5) of the Act; it is, therefore ORDERED, ADJUDGED and DECREED that Defendant shall pay the sum of Twenty-Three Thousand One Hundred Eighty-Eight Dollars ($23,188) by check or money order payable to "Wage and Hour Division, U.S. Department of Labor," to be delivered or mailed within thirty (30) days of entry of this Judgment to Wage and Hour Division, Northeast Regional Office, The Curtis Center, Suite 850 West, 170 S. Independence Mall West, Philadelphia, PA 19106-3317.

Defendant shall not, under any circumstances, accept and keep any amount returned to it by a person owed compensation under this judgment. Any such amount shall be immediately paid to the Plaintiff at the following address:

> U.S. Department of Labor
> Wage and Hour Division
> 1155 Elm Street, Suite 501
> Manchester, NH  03101

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date, with no costs awarded to any party.

Dated: <u>December 22, 2015</u>            <u>/s/ Nancy Torresen</u>
                                            United States Chief District Judge

Defendant hereby consents to
the entry of this judgment:

By  */s/ Frank T. McGuire*_____
Frank T. McGuire, Esq.
Rudman & Winchell
84 Harlow Street
P.O. Box 1401
Bangor, ME 04402-1401
TEL: 207-947-4501
FAX: 207-941-9715
Attorneys for Defendant
Roof Systems of Maine

Plaintiff moves for entry of
this judgment:

M. Patricia Smith
Solicitor of Labor

Michael D. Felsen
Regional Solicitor

 */s/ Merle Hyman*_____
Merle Hyman,
Wage and Hour Counsel
United States Department of Labor
Solicitor's Office
Kennedy Federal Bldg. Rm. E-375
Boston, MA 02203
TEL: 617-565-2500
FAX: 617-565-2142
Attorneys for Plaintiff

# EXHIBIT A

| FIRST NAME | LAST NAME | BACK WAGES | LIQUIDATED DAMAGES | GROSS TOTAL |
|---|---|---|---|---|
| ROBERT L. | ALLEY | $3,982.14 | $3,982.14 | $7,964.28 |
| EDWARD A. | ASHTON JR. | $706.88 | $706.88 | $1,413.76 |
| ARDANE | AUSTIN | $22.42 | $22.42 | $44.84 |
| DANIEL J. | BARD | $205.24 | $205.24 | $410.48 |
| RYAN J. | BARNETT | $5,115.45 | $5,115.45 | $10,230.90 |
| NICHOLAS | BENNETT | $523.91 | $523.91 | $1,047.82 |
| ANDREW | BOUCHER | $847.89 | $847.89 | $1,695.78 |
| DALE | BRALEY | $41.24 | $41.24 | $82.48 |
| DON | BRALEY SR. | $885.56 | $885.56 | $1,771.12 |
| LORNE E. | BRIDGES | $133.24 | $133.24 | $266.48 |
| JERRY | BYRD | $2,452.08 | $2,452.08 | $4,904.16 |
| JEREMY S. | CANDAGE | $184.22 | $184.22 | $368.44 |
| WILLIAM, JR. | CHARPENTIER | $996.98 | $996.98 | $1,993.96 |
| CHRISTOPHER | CHASE | $46.17 | $46.17 | $92.34 |
| CHASTAIN | DAVID | $18.50 | $18.50 | $37.00 |
| CHARLTON C. | CHENEY II | $776.50 | $776.50 | $1,553.00 |
| TREVOR | COLE | $254.31 | $254.31 | $508.62 |
| MIKE | DAVIS | $97.24 | $97.24 | $194.48 |
| ROBERT | DICKERSON | $218.83 | $218.83 | $437.66 |
| ROLAND | DUPERRY | $150.89 | $150.89 | $301.78 |
| ROGER | FICKETT III | $2,433.99 | $2,433.99 | $4,867.98 |
| BRIAN | GARCEAU | $240.73 | $240.73 | $481.46 |
| THOMAS | GASAWAY | $480.24 | $480.24 | $960.48 |
| EDWARD A. | GERRIER | $155.01 | $155.01 | $310.02 |
| VERNON | GOGUEN | $952.79 | $952.79 | $1,905.58 |
| JUSTIN | GROVER | $461.56 | $461.56 | $923.12 |
| JOHN | HAVLIN | $16.79 | $16.79 | $33.58 |
| DAVID | HAZELTON | $2,179.97 | $2,179.97 | $4,359.94 |
| CHRISTOPHER | HEBERT | $915.52 | $915.52 | $1,831.04 |
| JOSEPH | HOSKINS | $103.46 | $103.46 | $206.92 |
| NATHAN | KING | $752.12 | $752.12 | $1,504.24 |
| SCOTT | KING | $160.96 | $160.96 | $321.92 |
| CODY | KINGSBURY | $181.24 | $181.24 | $362.48 |
| HAYWARD | KINGSBURY | $422.39 | $422.39 | $844.78 |
| JOSEPH | KOBRIN | $549.37 | $549.37 | $1,098.74 |
| DAVID | LABREE | $49.49 | $49.49 | $98.98 |
| PHILIP J. | LAWSON | $462.54 | $462.54 | $925.08 |
| RALPH | MACDONALD | $124.16 | $124.16 | $248.32 |
| ZACHARY | MACKLIN | $399.00 | $399.00 | $798.00 |
| KRIST | MALLORY | $480.87 | $480.87 | $961.74 |

| | | | | |
|---|---|---|---|---|
| RONALD J. | MALLOZZI | $320.17 | $320.17 | $640.34 |
| JEREMY S. | MCCLURE | $1,423.12 | $1,423.12 | $2,846.24 |
| BRIAN | MCLAUGHLIN | $784.64 | $784.64 | $1,569.28 |
| GEOFFREY | MILLER | $1,946.55 | $1,946.55 | $3,893.10 |
| DARWIN | MORSE JR | $1,143.66 | $1,143.66 | $2,287.32 |
| DANIEL | NEWMAN | $109.24 | $109.24 | $218.48 |
| GARY | POULIN | $2,451.41 | $2,451.41 | $4,902.82 |
| WILLIAM | RIORDAN | $726.84 | $726.84 | $1,453.68 |
| JOSEPH | SALLS | $3,819.56 | $3,819.56 | $7,639.12 |
| JEROME | SANFORD | $1,679.52 | $1,679.52 | $3,359.04 |
| RALPH | SOCTOMAH | $388.61 | $388.61 | $777.22 |
| OTTIE | SPENCER | $501.23 | $501.23 | $1,002.46 |
| DANIEL | SULLIVAN | $762.35 | $762.35 | $1,524.70 |
| JERRY | THOMAS | $618.71 | $618.71 | $1,237.42 |
| JOHN | TRACY | $317.98 | $317.98 | $635.96 |
| MICHAEL | TRACY | $82.18 | $82.18 | $164.36 |
| STEVEN | URQUHART | $1,341.35 | $1,341.35 | $2,682.70 |
| KIMBALL | WALKER | $403.48 | $403.48 | $806.96 |
| LEE | WALKER | $138.70 | $138.70 | $277.40 |
| CARLYLE | WEEKS | $138.16 | $138.16 | $276.32 |
| MIKE | WEEKS | $277.15 | $277.15 | $554.30 |
| ANDREW | WILL | $47.27 | $47.27 | $94.54 |
| | | | | |
| **TOTALS** | | **$48,603.77** | **$48,603.77** | **$97,207.54** |

8